IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| EDDIE FRANKLIN HARRIS, JR., | * | |
| Petitioner, | * | |
| v. | * | Criminal No. AW-04-088 |
| UNITED STATES OF AMERICA | * | Civil No. AW-06-2404 |
| Respondent | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION

On September 15, 2006, Petitioner Eddie Franklin Harris, Jr. ("Petitioner") filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On June 21, 2004, Petitioner pled guilty to distribution of and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). On September 24, 2004, Petitioner was sentenced to one hundred twenty months imprisonment, followed by five years supervised release with conditions, and a $100 special assessment. Judgment was entered against Petitioner on September 28, 2004. On September 14, 2006, Petitioner filed a § 2255 motion to equitably toll the limitation period due to ineffective assistance of counsel. Petitioner asserted three grounds for his petition, two of which the Court dismissed in its February 27, 2007 Memorandum Opinion and Order (Paper Nos. 2 and 3). Because the Court was unable, on the papers, to ascertain whether Petitioner's trial counsel disregarded Petitioner's request for an appeal, the Court set the matter down for an evidentiary hearing to determine 1) whether Harris requested that his attorney file an appeal, and if so, 2) when Harris, through the exercise of proper due diligence, *could have discovered* the failure to file the appeal. The hearing was held on August 31, 2007. Having reviewed the entire record, including the arguments of counsel and evidence admitted at the hearing, the Court finds that Petitioner's § 2255 Motion is procedurally barred . As such, the motion will be denied.

## STANDARD OF REVIEW

The Fourth Circuit has held that the time restriction in § 2255 is a statute of limitations, which in the proper circumstances, may be subject to equitable tolling. *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 328-29 (4th Cir. 2000). "Although the one-year limitation period on seeking relief under § 2255(1) is subject to equitable tolling, equitable tolling only applies in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Lora v. United States*, 2003 WL 23508099 (internal citations and quotations omitted) (unpublished).

When determining whether compelling reasons exist to equitably toll the one-year limitation period, the district court should consider the facts and circumstances of each particular case. *See Harris v. Hutchinson*, 209 F.3d at 330. Equitable tolling is warranted where an otherwise time-barred petitioner presents "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, [and] (3) that prevent him from filing on time." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citing *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). Equitable tolling is only warranted where some extraordinary circumstance has prevented the petitioner from exercising his rights, and he shows that he exercised due diligence in investigating and bringing the claims. *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998).

## DISCUSSION

The facts and background of this case are adequately set forth in the Court's February 27, 2007 Memorandum Opinion. The only issues currently before the Court are whether Petitioner indeed requested an appeal, and if so, when could he have learned, through the exercise of due

2

diligence, hat the appeal was not filed.   The Fourth Circuit has recognized that equitable tolling might be warranted in cases where a criminal defendant instructed his attorney to appeal but the attorney failed to do so. *See United States v. Peak*, 992 F.2d 39 (4th Cir. 1993).[1]   At the hearing, Attorney Melvin Otey, Petitioner's trial counsel, testified that Petitioner did not request an appeal. Furthermore, Mr. Otey testified that, had Petitioner requested an appeal, Mr. Otey would have informed Petitioner that he did not handle appeals and would refer Petitioner to appellate counsel. Having observed the testimony of both Petitioner and Mr. Otey, the Court rejects the testimony of Petitioner.  The Court finds credible the testimony of Mr. Otey that Petitioner did not ask for an appeal.

However, even if the Court assumes that Petitioner did ask for an appeal, Petitioner still has to overcome the burden of showing that he did not learn of Mr. Otey's alleged failure until sometime within a year of the date the instant § 2255 motion was filed.  The Court is not convinced that Petitioner has met his burden.  Section 2255 provides that the one year limitation period begins to run when the facts *could have been discovered* through the exercise of due diligence, not when they were actually discovered. *See* 28 U.S.C. § 2255.  At the hearing, Petitioner's own testimony sealed his fate.  Petitioner testified that he contacted Mr. Otey shortly after Petitioner's arrival at the Petersburg facility, where Petitioner is currently incarcerated.  Petitioner recalls this conversation taking place sometime before Christmas of 2004.  Petitioner testified that during the conversation

---

[1] On June 28, 2007, the Fourth Circuit issued a published opinion explaining an attorney's duty to consult with a client regarding appeals even if the client does not instruct the attorney to file an appeal. *See United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007) (discussing *Roe v. Flores-Ortega*, 528 U.S. 470 (2000)).  Petitioner's argument that he did ask for an appeal precludes an issue regarding failure to consult.  Although the Court rejects Petitioner's rendition of the fact, the Court need not inquire as to whether Mr. Otey fulfilled his duty to consult because Petitioner has not raised that issue in his petition.

with Mr. Otey, Petitioner asked Mr. Otey about the status of his appeal, and Mr. Otey told him that there was no appeal and that the case was closed. Furthermore, at the hearing, the Government introduced into evidence a letter from Mr. Otey to Petitioner dated March 17, 2005, which shows that Petitioner was aware at that time that no appeal had been filed. Despite knowing as early as December 2004, and not later than March 2005, that no appeal had been filed, Petitioner waited until September 2006 to file his § 2255 petition. Petitioner's own testimony makes clear that not only *could* he have discovered in late 2004 and early 2005 that no appeal had been filed, but he actually *did* discover such.

At the hearing, Petitioner's counsel urged the Court to look at the totality of circumstances in deciding whether to equitably toll the limitations period in this case. Although the Court does not believe that Petitioner instructed his attorney to file an appeal, Petitioner's own rendition of the facts render his position futile. Even if the Court tolls the limitation period to begin when Petitioner could have and did learn of his attorney's alleged failure to file an appeal, the date of Petitioner's filing still falls outside of the limitation period. The Court finds no additional circumstances that warrant further tolling of the statutory period. Having considered all of the circumstances surrounding the instant petition, the Court reaches the inescapable conclusion that, because Petitioner did not file the instant petition within one year from the time he could have discovered facts giving rise to the petition, the petition is untimely and thus procedurally barred. As such, the petition will be denied.

August 31, 2007
Date

Alexander Williams, Jr.
United States District Judge

4